CV-05 1717

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK:
---------------------------------------------------------X

DEAN NASCA,

                Plaintiff,

-against-

THE COUNTY OF SUFFOLK, POLICE
OFFICER JOSEPH CLEMENTS and
JOHN DOES 1-10, said names being fictitious
and intending to represent employees, agents
and assigns of the COUNTY OF SUFFOLK,

                Defendants.
---------------------------------------------------------X

**VERIFIED COMPLAINT WITH JURY DEMAND**

CV#

Hon.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 05 2005 ★
LONG ISLAND OFFICE

SPATT, J.

BOYLE, M.

Plaintiff, as and for his complaint herein, respectfully alleges as follows:

PRELIMINARY STATEMENT

1. Plaintiff seeks compensatory and punitive damages and those allowed by statute including attorneys fees against the defendants, individually and collectively, on account of the serious and emotional injuries sustained by the plaintiff arising from the violation of the plaintiff's civil rights, unlawful searches and inspections of his premises, coercion and intimidation to allow unlawful searches and inspections at his premises located at 89 Gillette Avenue, Bayport, Town of Islip, County of Suffolk, State of New York, coercion, intimidation in allegedly selectively enforcing the Vehicle and Traffic code of the State of New York as against the plaintiff, in causing the plaintiff to suffer humiliation, emotional distress, loss of property, loss of liberty and pecuniary and non-pecuniary damages.

2. The plaintiff alleges that because of the defendants' actions, duplicity and acts of omission and commission, individually and collectively, and the conduct, policies and practices

1

of the defendant parties, individually and collectively, the plaintiff has suffered serious emotional injuries, without which, such actions, conduct, policies and customs of the defendants, both individually and collectively, he would not have suffered and endured.

3. The plaintiff further alleges that the defendants, individually and collectively, failed to restrain the co-defendant, Joseph Clements, from committing the unlawful acts upon the person of the plaintiff, Dean Nasca, and in the negligent continuation of employment of the co-defendant, Joseph Clements, by the co-defendant, County of Suffolk.

4. The plaintiff alleges that the defendants, individually and collectively, by their actions, conduct, complicity, policies, practices and customs, violated the plaintiff's Constitutional and Civil Rights pursuant to the United States Constitution and New York State Constitution.

5. This is an action seeking redress for the violation of the plaintiff's Constitutional and Civil Rights and the rights otherwise guaranteed to him under the laws and the Constitution of the United States of America and the laws and the Constitution of the State of New York.

## JURISDICTION

6. Jurisdiction of this court is invoked pursuant to and by virtue of 28 U.S.C. Sections 1331, 1343, and 42 U.S.C., Section 1983, 1985 and 1988 in that this action arises under United States' Constitution and particularly under the provisions of the Fourth and Fourteenth Amendment to the United States' Constitution and the Federal Civil Rights Act. Plaintiff further invokes the jurisdiction of this court pursuant to the supplemental jurisdictional provisions as set forth in 28 U.S.C. Section 1367.

7. Plaintiff further requests that this court exercise its discretion to invoke pendent jurisdiction over any and all state law claims deriving from and out of the common nucleus of

common facts, transactions and occurrences which give rise to the federally based claims and causes of action set forth in this complaint.

8. The violations of the plaintiff's rights as alleged herein were committed within the State of New York.

## PARTIES

9. The plaintiff, Dean Nasca, is a citizen of the United States of America and was at all times hereinafter mentioned, a resident of the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, the defendant, County of Suffolk, was and still is a municipal corporation or other municipal entity duly organized and existing pursuant to the laws of the State of New York.

11. Upon information and belief and at all times hereafter mentioned, the defendant, Joseph Clements, was and still is a resident of the County of Suffolk and State of New York.

12. Upon information and belief and at all times hereinafter mentioned, the defendant, Joseph Clements, was an employee of the defendant, County of Suffolk, and was and still is acting as a Police Officer.

13. At all times hereinafter mentioned, the defendant, Joseph Clements, is sued individually and in his official capacity as an employee of the County of Suffolk.

14. Relief is sought against each defendant, individually and collectively, as well as, their agents, assists, successors, employees, and persons acting in concert or in cooperation with or at their direction, control or under their supervision.

15. At all times hereinafter mentioned, the defendants, individually and collectively, and in their official capacity have acted under the color and pretense of statutes, ordinances, customs

and usages of the State of New York, County of Suffolk.

16. The defendant, Joseph Clements, individually and in his official capacity as a Police Officer of the County of Suffolk, was at some of the times hereinafter mentioned performing his duties and functions as a Police Officer of the County of Suffolk, notwithstanding the illegality of his actions, conduct, practices and activities, and admitted actions undertaken incidental to the otherwise lawful performance of his duty and function while acting on behalf of the County of Suffolk.

## COUNT I

17. That prior hereto and on or about April 7, 2002, the defendants, individually and collectively, filed bogus and false complaints against the plaintiff, Dean Nasca, charging him with violation of New York State Vehicle and Traffic law knowing that the said charges were false and untrue.

18. That on or about April 7, 2002, the defendants, individually and collectively, through its agents, servants and/or employees subjected plaintiff to unlawful investigations, unlawful searches and seizures, trespass, property damage, coercion and intimidation to force searches and inspections of the premises located at 89 Gillette Avenue, Bayport, County of Suffolk, State of New York.

19. On or about the aforesaid dates, the defendants, through its Police Officer, Joseph Clements, trespassed on the property of the plaintiff after being refused admission and further attempted to forcibly enter the buildings thereon.

20. That on or about the aforesaid dates the defendants in violation of the plaintiff's civil rights and in violation of the Fourth and Fourteenth Amendments of the Constitutions of the

United States of America and the State of New York attempted to gain entry to the plaintiff's premises without a valid search warrant therefore, causing the search of the premises thereon.

21. In an attempt to take the plaintiff's property, intimidate, coerce and otherwise violate the plaintiff's civil rights, the defendant, Joseph Clements, alleged violations for the New York State Vehicle and Traffic code, demanding fines and confiscation of the plaintiff's property without due process of law or compensation as provided for under the Constitution of the United States of America and in particular the Fifth and Fourteenth Amendments thereof.

22. That prior hereto and on or about July 18, 2002, the plaintiff was subjected to harassment, threats, and coercion by the defendant Joseph Clements, acting individually and collectively, and by their actions following the hearing at the TVB of Suffolk County, the plaintiff suffered severe emotional injury.

23. That as a result of the harassment, threats, and coercion made by defendant Joseph Clements, a letter was sent to his superior officer notifying him of the defendant's unprofessional and illegal conduct.

24. The conduct of the defendants, individually and collectively, and in their official capacity, deprived the plaintiff of the following rights, privileges and immunity secured to him by the Constitutions of the United States and State of New York: The right of the plaintiff to be secure in their person against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States of America; the right of the plaintiff not to be deprived of the right of due process of law secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America; The right of the plaintiff to be paid adequate compensation for the taking of his property under the Fifth and

Fourteenth Amendment to the Constitution of the United States of America; The right of the plaintiff under Section 42 U.S.C. Sections 1982, 1983 and 1985, to redress of Constitutional violations and Civil Rights violations guaranteed by the Civil Rights Act.

25. The acts, conduct and behavior of the defendants and each of them individually and collectively were performed knowingly, intentionally, maliciously and in violation of the aforesaid laws and the Constitutions of the United States of America and the State of New York, by reason of which the plaintiff is entitled to an award of damages in the sum of Five Million ($5,000,000.00) dollars.

## COUNT II

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of the complaint as if fully set forth at length herein.

27. The defendants, individually and collectively, acting under the color of law and as a Police Officer of the County of Suffolk as hereinbefore set out, deprived the plaintiff of the privileges and immunities guaranteed and afforded this plaintiff as a citizen of the United States.

28. The aforesaid actions, omissions and commissions, policies and practices as set forth in the hereinbefore mentioned paragraphs of the complaint constitute a course of conduct by the defendants that violated the plaintiff's constitutional rights and rights afforded the plaintiff pursuant to the 42 U.S.C. 1983 whereby the plaintiff was deprived as a result of the concerted actions of the defendants, individually and/or collectively, of equal protection under the law and by failing to treat and afford the plaintiffs adequate protection from the defendant, Joseph Clements, as set forth hereinbefore.

29. As a result of the foregoing, the plaintiff has been damaged in the sum of Five Million ($5,000,000.00) dollars.

## COUNT III

30. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" as if fully set forth at length herein.

31. The defendants, individually and collectively, having committed the acts complained of herein and by violating the plaintiff's civil rights as embodied in 42 U.S.C. 1985, knowingly omitted to provide the plaintiff protection from the acts of its employee and in so doing failed to exercise the power to prevent the commission of offenses and abuse in violation of plaintiff's civil rights by the co-defendant, Joseph Clements.

32. Solely as a result of the foregoing the plaintiff has been damaged in the sum of Five Million ($5,000.000.00) dollars.

## COUNT IV

33. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" as if fully set forth at length herein.

34. The acts and conduct herein alleged aside from violations of the United States Constitution, 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, constitute negligence or gross negligence in violation of state protected constitutional and civil rights under the laws and Constitution of the State of New York.

35. This court has pendent jurisdiction to hear and adjudicate claims arising thereunder.

36. As a result thereof, the plaintiff has been damaged in the sum of Five Million ($5,000,000.00) dollars.

## COUNT V

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" as if fully set forth at length herein.

38. Although currently proceeding pro-se, plaintiff reserves the right, pursuant to 42 U.S.C. Section 1988, to herein request an award of reasonable attorneys fees for the violations committed against the plaintiff by the defendants.

WHEREFORE, plaintiff, Dean Nasca, demands the following relief, against all of the defendants, jointly and severally:

(1)  That this court convene a jury for this case and that a jury trial be conducted;

(2)  Compensatory damages in the amount of Five Million ($5,000,000.00) dollars as and for the allegations contained in Count I;

(3)  Compensatory damages in the amount of Five Million ($5,000,000.00) dollars as and for the allegations contained in Count II;

(4)  Compensatory damages in the amount of Five Million ($5,000,000.00) dollars and as for the allegations contained in Count III;

(5)  Compensatory damages in the amount of Five Million ($5,000.000.00) dollars as and for the allegations contained in Count IV;

(6)  Punitive damages in the amount of One hundred Million ($100,000,000.00) dollars against the County of Suffolk and the defendant, Joseph Clements;

(7)  Attorneys fees pursuant to 42 U.S.C. Section 1988, as and for the allegations contained in Count V;

(8)  That this court invoke pendent jurisdiction for all state claims and causes of action

in this case;

That this Court award such other and further relief as the Court may seem just and proper under the circumstances.


Dated: Bayport, New York
      April 5, 2005

DEAN NASCA
Plaintiff pro-se
89 Gillette Avenue
Bayport, New York 11705
631-472-2921